UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD VARCADIPANE,

Plaintiff,

v.                                              CAUSE NO.: 3:20-CV-183-JD-MGG

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

Leonard Varcadipane, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Varcadipane alleges that, on February 7, 2019, he discovered a mouse in his commissary bag at the Indiana State Prison. He submitted grievances regarding this issue to Warden Neal on multiple occasions. He also had a mouse in his

bed as he was sleeping. Based on these allegations, he asserts an unconstitutional conditions of confinement claim against the defendants. The Eighth Amendment entitles inmates to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).To proceed on an Eighth Amendment conditions of confinement claim, a plaintiff must allege a deprivation that is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, "extreme deprivations are required to make out a conditions-of-confinement claim." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Though they may have been unpleasant, the two encounters with mice described in the complaint do not suggest that Varcadipane was subjected to an extreme deprivation. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (mere presence of rodents and insects insufficient); *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (mere presence of cockroaches and two insect bites over six years insufficient). Therefore, Varcadipane may not proceed on this complaint.

Nevertheless, the court will give Varcadipane an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he must put the case number of this case on it, which is on the first page of this order. However, he should only file an amended complaint if he believes he can address the deficiencies set forth in this order and if he believes he can explain how the defendants were personally involved with his claims.

For these reasons, the court:

(1) GRANTS Leonard Varcadipane, until <u>May 29, 2020</u>, to file an amended complaint; and

(2) CAUTIONS Leonard Varcadipane that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on April 30, 2020

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT